## Ebenezer L. Jackson v. Ezra Evans.

*Parol transfer of land and crop is void—Mortgage cancelled by conveyance to mortgagee—Measure of damages for conversion.*

A mortgagee cannot remain so after acquiring the fee unless the mortgage needs to be kept alive to protect his rights.

A son bought a farm from his mother and gave her a mortgage on it to secure part of the purchase price. They afterwards agreed that she should take back the farm, and in consideration of the wheat growing on it should endorse its value on the mortgage. *Held* (1) that the transfer of the wheat was without consideration, as the reconveyance of the farm cancelled the mortgage; (2) that the reconveyance of the farm and the transfer of the wheat, as inseparably connected with it, were void for not being in writing.

Damages for the conversion of a quantity of wheat were adjudged at its value at the time of conversion less the cost of threshing and delivering it in market.

———

Error to Calhoun.   Submitted Oct. 22.   Decided Oct. 27.

TROVER.   Plaintiff brings error.   Reversed.

*L. D. Dibble* for plaintiff in error, cited Comp. L. §§ 4699,
4703–4; 1 Greenl. Ev. § 262; *Alderton v. Buchoz* 3 Mich.
326; *Sexton v. Wheaton* 1 Am. L. Cas. 18; *Twyne's Case*
1 Sm. L. Cas. 33; *Bailey v. Ogden* 3 Johns. 399: 3 Am.
Dec. 509; *Clow v. Woods* 5 S. & R. 275: 9 Am. Dec. 346;
*Mason v. Baker* 1 A. K. Marsh. 28: 10 Am. Dec. 724; *Babb
v. Celmson* 10 S. & R. 419: 13 Am. Dec. 690.; *Peabody v.
Carrol* 9 Mart. (O. S.) 295: 13 Am. Dec. 305.

*Clapp & Reynolds* for defendant in error.   Sale of a
growing crop is not a sale of an interest in land: 7 Wait's
Actions 54; 1 Greenl. Ev. § 271; *Crapo v. Seybold* 36 Mich.
444.

COOLEY, J.   This was an action of trover to recover the
value of a certain field of wheat.   The trial was without a
jury, and the finding of facts is as follows:

That on February 4, 1870, Isabella Cleveland was the
owner in fee of certain premises; that on June 13, 1874,
she conveyed the same to Frank Cleveland, her son; that
upon said sale Frank Cleveland assumed the payment of a
mortgage upon said premises, and a note for $1000 given by
Isabella Cleveland to Moses W. Wheelock; that he also gave
to Isabella Cleveland a mortgage and note for $2500; that
no payment of principal or interest had been made upon
either prior to September 20, 1878; that on January 1, 1878,
a judgment was obtained by the plaintiff against Philander
and Frank Cleveland, before one Russell, a justice; that on
February 16, 1878, execution was issued to one Briggs, a
constable, and on April 18, 1878, returned *nulla bona;* that
on September 23, 1878, *alias* execution was issued, and levied
on Frank Cleveland's interest in certain wheat growing upon
said premises and on the farm of one Burrows; that on Jan-
uary 12, 1879, the interest of Frank Cleveland in said wheat
was sold to plaintiff at constable's sale for $50; that on Sep-

tember 20, 1878, it was verbally agreed between Frank Cleveland and Isabella Cleveland that she should take back the farm, and he should give her the wheat in question to apply on her mortgage at a valuation of $200, and the same was then and there endorsed on said note and mortgage, which endorsement was made in the presence and with the knowledge and consent of Frank Cleveland; that Frank Cleveland exercised no control over the wheat after the arrangement was made; that on June 25, 1879, Isabella Cleveland sold and by bill of sale conveyed this wheat to defendant, which bill of sale was filed in the proper town clerk's office June 30, 1879 ; that on July 30, 1879, defendant converted the wheat ; that there was of the wheat 245 bushels, worth 95 cents per bushel, and that it was worth 10 cents per bushel to thresh and deliver the same to the Battle Creek market at the time of conversion ; that the highest market price since was $1.35 per bushel ; that the transaction between Frank and Isabella Cleveland was in good faith, and not with the design of defrauding creditors.

And as a conclusion of law, that said transaction amounted to a sale of his interest in the wheat by Frank Cleveland to Isabella Cleveland, and that the levy and sale were void as against her, and that her interest having been conveyed to the defendant, said levy and sale were void as to him, and judgment should be entered in his favor.

To this conclusion that defendant was entitled to judgment the plaintiff excepted.

The exception is well taken. It is not necessary to consider the question whether the contract, if otherwise valid, required to be evidenced in writing, as it is manifest it was wholly without consideration.

The finding of facts is that the wheat passed from the son to the mother in the arrangement whereby she took back the farm, and that the consideration was that she should endorse $200 on the mortgage. But the taking back of the farm of itself, if a complete transaction, cancelled the mortgage, and it was wholly immaterial to either party whether any endorsement whatever was or was not made upon it. She could not

remain mortgagee of the lands after acquiring the fee ; at least in the absence of any showing that keeping the mortgage alive was necessary for her protection against the claims of others.

The counsel for the plaintiff endeavored on the argument to distinguish between the arrangement whereby the farm was taken back and that by which the value of the wheat was applied on the mortgage ; but the finding leaves no room for the argument. A critical examination of the finding might also enable one to say that it does not show that the note of Frank Cleveland was to be surrendered when the farm was taken back ; and if not, an endorsement which reduced this would be sufficient consideration for the wheat. But we think the fair construction of the finding is that the land trade was rescinded. Besides, the finding only says the endorsement was made on the mortgage ; and therefore subjecting it to technical criticism could not aid the defendant.

Another and equally conclusive view of the case is that the land trade from the son to the mother was void for want of writing. If that part of this negotiation was ineffectual, the transfer of the wheat, being inseparably connected with it, was void also.

The plaintiff is entitled to judgment for the value of the wheat, which, less the cost of threshing and delivering, was at the time of conversion, eighty-five cents a bushel. He is also entitled to costs of both courts.

The other Justices concurred.