THOMAS G. DENNIS v. JACOB KUSTER.

NO. 8747.

HOMESTEAD — *entire parol agreement to exchange, and other property, wife refusing assent, void even as to chattels.* Where a parol agreement is made to exchange real property of the plaintiff for the homestead and other real property of the defendant and a stock of merchandise, to which the defendant's wife refuses to assent, the contract, being entire, is void not only as to the land but also as to the merchandise, and the plaintiff cannot maintain an action to recover the merchandise from the defendant.

*Error from Franklin District Court.*

*Hon. A. W. Benson, Judge.*

AFFIRMED.                              OPINION FILED JULY 11, 1896.

*Wm. R. Hazen*, for plaintiff in error.

*Deford & Deford*, for defendant in error.

ALLEN, J. This was an action of replevin, to recover a stock of drugs and other merchandise, brought by Dennis against Kuster. The evidence shows that a parol agreement with the defendant was made by the plaintiff, through his son J. H. Dennis, as his agent, to exchange the plaintiff's homestead and another house and lot in Topeka for the defendant's homestead, two other dwelling-houses, a vacant lot, and a stock of drugs in Williamsburg. The defendant was to retain the proceeds of sales made on Saturday, the day of the trade, and the plaintiff was to have the proceeds of the sales on and after the following Monday. The defendant was to remain in charge of the drug stock temporarily for the plaintiff. Abstracts were to be furnished, and deeds were to be deposited with J. B. Larimer for delivery. The defendant's wife never assented to the contract, and refused to join in a conveyance of the homestead. The plaintiff never deposited or tendered a deed to his homestead, but he has brought this action, claiming that the stock of drugs was delivered to him, and that the title passed by reason of the parol contract. There are several reasons why the plaintiff cannot recover, either one of which is ample to defeat his action. The contract was entire, and was void within the Statute of Frauds. It was also a contract for the exchange of homesteads without the assent of the wives of the parties. There was no delivery of the stock of drugs, nor any intent on the part of the defendant to part with his title to the personal property without receiving a deed to the plaintiff's property. The plaintiff could not recover without tendering performance on his part.

The judgment is affirmed.

All the Justices concurring.