On the merits argued October 19, modified October 22, 1915.

## SUTTON *v.* SUTTON.

(150 Pac. 1025; 152 Pac. 271.)

**Appeal and Error—Undertaking—Sufficiency.**

1. Under Section 551, L. O. L., providing that the undertaking of the appellant shall be that appellant will pay all damages, costs and disbursements awarded against him, an undertaking, which limited the surety's liability to $100 is insufficient.

**Appeal and Error—Undertakings—Amendment.**

2. Under Section 550, L. O. L., as amended by Laws of 1913, page 617, so as to provide that, when a party in good faith gives due notice of an appeal, and thereafter omits through mistake to do anything, including the filing of an undertaking, the appellate court may permit an amendment, an appellant who in good faith tendered an undertaking which was insufficient should be allowed to amend and furnish the good undertaking.

**Equity—Trial—Exclusion of Evidence.**

3. Under Section 405, L. O. L., providing, relative to suits in equity that where evidence is offered and excluded, the party offering it shall be entitled to have it taken down in like manner as the testimony admitted, and that he shall be required to pay for taking it, unless the court on appeal holds it competent, where the court refused to hear evidence as to certain matters, but, when counsel stated that they had two witnesses who would not take over five minutes apiece, directed them to be called, and the party offering the testimony did not request permission to take any testimony over the ruling of the court, or offer to pay for the recording of such testimony, there was no error.

[As to mode of preserving for review oral evidence in equity case, see note in Ann. Cas. 1913A, 283.]

**Divorce—Decree—Conformity to Pleadings and Proof.**

4. In a suit for divorce the ownership of a photograph of a deceased child of the parties was not made an issue by the pleadings or

mentioned in the evidence, but just prior to the close of the trial the husband's attorney stated that the wife had two identical large photographs, one of which was the husband's property, and asked that the decree require her to turn one of them over to the husband. The wife's attorney admitted that the wife had possession of such photographs, and stated that he would advise her to turn one of them over to the husband, and that he did not deem it necessary to insert a provision in the decree. On the settlement of the findings and conclusions the wife's attorney stated that the wife refused to turn over either of the photographs to the husband. *Held*, that the court was without authority to provide in the decree that the wife should deliver one of such photographs to the husband, as, assuming that her attorney had a right to bind her by an admission, he made no admission as to the husband's ownership, and, moreover, ample notice of the wife's position was given before the formal decision and decree were entered.

**Divorce—Alimony—Agreements of Parties—Effect.**

5. In a divorce suit the husband, pursuant to an agreement, stipulated to transfer his personal property and convey his real estate to a trustee, who was empowered to sell it according to his own judgment, pay a mortgage thereon, satisfy certain debts of the husband, and deliver the balance, if any, to the wife. The mortgage was foreclosed, so that the trustee was practically shorn of his power, and the wife derived no benefit from the transfer to the trustee. *Held*, that she was not barred by the agreement from claiming alimony.

[As to power of court to modify decree for alimony based on agreements of parties, see note in **Ann. Cas. 1912C**, 446.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is a suit by Rosa B. Sutton against James N. Sutton for divorce, in which defendant filed a cross-complaint. From a decree in favor of defendant, plaintiff appeals. Respondent moves to dismiss appeal.

CONDITIONALLY ALLOWED.

*Mr. Frederick H. Drake,* for the motion.

*Mr. H. E. Collier, contra.*

In Banc. MR. JUSTICE McBRIDE delivered the opinion of the court.

The plaintiff brought a suit against defendant for divorce, who answered with a cross-complaint, asking that he be decreed a divorce from plaintiff. Upon the trial there was a decree in favor of defendant, from

which plaintiff appeals. The undertaking given by plaintiff complied in form and substance with the statute, except that by a clerical error the undertaking provided that:

"Appellant will pay all damages, costs, and disbursements which may be awarded against the defendant on the appeal."

1, 2. Defendant's counsel filed a motion to dismiss the appeal on account of the insufficiency of the undertaking, but subsequently consented that plaintiff might file a new undertaking, and 'one was filed conditioned that plaintiff would pay all damages, costs and disbursements which might be adjudged against her on the appeal, "not to exceed $100." Defendant's counsel moved to dismiss this appeal on account of the limitation as to the amount of the penalty. Plaintiff presents a cross-motion for leave to file a new undertaking, and presents an undertaking complete in every respect, except that the affidavit omits these words required by statute: "That I am not a counselor or attorney at law, clerk of any court, or any other officer of any court"—which renders it insufficient. Section 551, L. O. L., provides:

"The undertaking of the appellant shall be given * * to the effect that the appellant will pay all damages, costs, and disbursements which may be·awarded against him on the appeal."

The undertaking, having specifically limited the liability of the surety to $100, was therefore insufficient: *State* v. *McKinmore,* 8 Or. 207; *Sanborn* v. *Fitzpatrick,* 51 Or. 459 (91 Pac. 540). Section 550, L. O. L., as amended by Chapter 319, General Laws of 1913, provides:

"When a party in good faith gives due notice as hereinabove provided of an appeal from a judgment, order or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just."

The mistake in the undertaking was unintentional, and, the case being here with the briefs filed and ready to be set for hearing, it would be an injustice to dismiss the appeal on account of a defect in the undertaking, which we believe the plaintiff will readily correct by presenting an undertaking complying completely with the statute. We will give her one more opportunity to do this, and an order will be entered allowing plaintiff 10 days in which to file a properly verified undertaking, in default of which the appeal will be dismissed.        CONDITIONALLY ALLOWED.

Argued October 19, modified October 22, 1915.

ON THE MERITS.

(152 Pac. 271.)

Department 2.    Statement by MR. JUSTICE HARRIS.

Rosa B. Sutton was divorced from her husband, James N. Sutton. The decree commanded the plaintiff to "deliver to the clerk of this court the photograph of James N. Sutton, Jr., deceased, the property of the defendant, in good condition, to be by said clerk delivered to the defendant." The trial court also awarded alimony to plaintiff, "the first payment

thereof to be made on or about the twentieth day of the month succeeding the delivery of said photograph as aforesaid, and the subsequent payments to be made on or about the twentieth day of each and every month thereafter until the further order of the court." Each party appealed. The plaintiff complains because the court declined to allow more than $40 per month as alimony, and she also contends that error was committed in ordering a delivery of the photograph. The defendant insists that the plaintiff is not entitled to any sum as alimony; and he argues, too, that the court erred in not permitting the introduction of certain testimony.        Modified.

For appellant there was a brief with an oral argument by *Mr. H. E. Collier.*

For respondent there was a brief and an oral argument by *Mr. Frederick H. Drake.*

Mr. Justice Harris delivered the opinion of the court.

The assignments of error embrace three subjects: (a) The exclusion of testimony; (b) the photograph; and (c) the amount of alimony.

3. After hearing the testimony of plaintiff and defendant and reading the deposition of a witness, for plaintiff, and upon being told that the defendant had four or five witnesses, the court said:

"I won't hear that many. * * I think I have heard enough of Mr. Sutton's story, and you can put one more witness on corroborating him, if you have a witness of that character."

Counsel for defendant stated that he had not gone into the amount or nature of certain expenses which

had been incurred, and that the defendant had alleged that he turned over to plaintiff all of the personal property worth about $1,300. The transcript of the proceedings records the court as then saying that:

"I know how it is in these domestic troubles; the parties want to go into all kinds of details, and the court generally has to take a pretty broad view of matters of this kind. We will not go into details."

Counsel for defendant responded thus:

"We have two witnesses that won't take over five minutes apiece."

And thereupon the court replied:

"Well, call them."

The defendant did not request permission to take any testimony over the ruling of the court, and he did not offer to pay for the recording of such testimony. Although the court did afterward admit evidence concerning the expenses incurred, and while there is no indication of any injury, still it is not necessary to determine whether the defendant was harmed because he did not follow the course prescribed by Section 405, L. O. L.: *Sutherlin* v. *Bloomer*, 50 Or. 398 (93 Pac. 135); *Durkheimer* v. *Copperopolis Copper Co.,* 55 Or. 37 (104 Pac. 895); *Ollschlager's Estate* v. *Widmer,* 55 Or. 145 (105 Pac. 717).

4. The trial was completed, and the court rendered an oral decision on February 10, 1915. A formal decree was signed and entered on February 19th, and afterward, on April 17th, the trial judge filed a certificate which recites:

"That prior to the making, settling and signing of the findings of fact and conclusions of law and the making, granting and signing of the decree herein the following statements and admissions were made

to the court with reference to two large photographs of a deceased son of the parties to said suit as follows, to wit:

"That just prior to the close of the trial of said suit on the tenth day of February, 1915, Frederick H. Drake, attorney for defendant, stated to the court that plaintiff has in her possession two identical large photographs of the deceased son of the parties to this suit, one of which is the property of defendant, and asked that plaintiff by the decree be required to turn over to defendant one of said photographs.

"That thereupon H. E. Collier, attorney for plaintiff, admitted and stated to the court that plaintiff has in her possession the said two large photographs; that he would advise plaintiff to turn one of them over to the defendant; and that, therefore, he did not deem it necessary to insert the provision requested by attorney for defendant in the decree.

"That thereafter, to wit, on the nineteenth day of February, 1915, the matter of the settlement of the findings of fact and conclusions of law came on to be heard by the court, the plaintiff and defendant appearing by their attorneys, H. E. Collier and Frederick H. Drake, respectively, at which time attorney for plaintiff stated that plaintiff refuses and would not turn over to defendant either one of said photographs."

The ownership of the photograph is not made an issue by the pleadings, and it was not even mentioned in the evidence. Assuming that the attorney had a right to bind his client by admitting that defendant owned one of the photographs, it will be noted that he did not attempt to exercise the right because no such admission was made. He only admitted that the plaintiff had in her possession the two large photographs, and that he would advise her to turn one of them over to the defendant, and, furthermore, ample notice of the position taken by plaintiff was given to

all parties concerned before the formal decision and decree were entered. While the decree has the merit of being fair and equitable, nevertheless the court was without authority to order the return of the photograph.

5. Pursuant to an agreement of the parties defendant stipulated to transfer his personal property and did convey his real estate to a trustee, who was empowered to sell the land according to his own judgment, and from the proceeds to pay a certain mortgage on the property, to satisfy certain indebtedness of James N. Sutton, and then to deliver the balance, if any, to the plaintiff. The defendant takes the position that the agreement made between the parties precludes the plaintiff from demanding alimony. The mortgage was foreclosed in August, 1914, so that the trustee was practically shorn of his power. The trustee had the right to sell according to his own judgment. The plaintiff did not derive any benefit from the transfer to the trustee, and therefore Rosa B. Sutton is not barred from claiming alimony.

It will serve no useful purpose to relate or discuss the evidence appertaining to the financial condition of the parties; but it is sufficient to say that the ages of the parties, the salary received by the defendant, the loss of property once owned by James N. Sutton and the obligations which he is endeavoring to meet, and the attitude of the plaintiff, when considered together, convince us that the amount of alimony allowed was proper, and the conclusion reached by the trial judge was fair and just to both parties.

The decree is modified so far as it relates to the photograph, but without prejudice to the right of defendant to avail himself of any appropriate remedy

for the recovery of the photograph.  In all other respects the decree is affirmed, without costs to either party in this court.                MODIFIED IN PART.

AFFIRMED IN PART.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE BEAN concur.