THE R. & L. COMPANY, Appellant, *v.* HERMAN A. METZ, Respondent.

First Department, June 23, 1916.

Statute of Frauds — sale of goods over fifty dollars in value — oral contract to enter into agreement to sell in the future — statute construed.

A contract by which the plaintiff agreed not to retake possession of certain trucks, but to allow the defendant to use them for a specified time, and then to enter into an agreement with a corporation to be formed by the defendant to take possession of the trucks and sell them at public auction, and if purchased by the plaintiff to sell its title to the corporation, the defendant, in consideration of said promise to pay

the plaintiff a large sum of money in a manner specified, is a contract for the sale of goods over fifty dollars in value, and if not in writing is void under the Statute of Frauds.

If part of such entire contract is void under the statute the whole of the contract is unenforcible.

An agreement to agree to sell is a contract to sell, and the statute applies although the sale is to depend upon the plaintiff's subsequently acquiring title to the goods.

APPEAL by the plaintiff, The R. & L. Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1915, overruling a demurrer to certain portions of defendant's amended answer.

*Henry A. Rubino,* for the appellant.

*Isaac H. Levy,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to withdraw demurrer on payment of costs in this court and in the court below, on the opinion of PENDLETON, J., at Special Term.

Present — CLARKE, P. J., McLAUGHLIN, SCOTT, DOWLING and DAVIS, JJ.

The following is the opinion delivered at Special Term:

PENDLETON, J.:

This is a trial brought on as a contested motion of an issue of law raised by plaintiff's demurrer to a first separate defense in the amended answer to the first cause of action set forth in the complaint. The defense demurred to is the Statute of Frauds, to the effect that the agreement alleged is for the sale of goods and that the requirements of the statute were not complied with. The one question thus raised is whether the contract as alleged in the complaint is a contract to sell or a sale of goods within the meaning of the Statute of Frauds. The complaint, after the allegations made by way of inducement and to show defendant's connection with the matter, sets forth in subdivision 27 the precise agreement or promise upon which the alleged liability is founded substantially as follows: That plaintiff agreed not to then retake possession of certain trucks,

but allow the mail company and defendant to use them until August 31, 1913, and to then enter into an agreement with a corporation to be formed by defendant containing at defendant's request provisions that plaintiff would then take possession of the trucks, cause them to be sold at public auction, and, if purchased by it, sell its right, title and interest therein to said corporation, and defendant, in consideration of these promises, agreed to pay plaintiff the sum of $66,666.37 in the following manner, viz., to incorporate a corporation and cause it to enter into the above agreement with plaintiff to take over the trucks, defendant to pay or cause said company to pay plaintiff $6,666.37 in cash and interest at six per cent on the above sum of $66,666.37 from July 14, 1913, to the date of the conveyance to the corporation of the right, title and interest in said trucks, and cause the corporation to give plaintiff twelve promissory notes of $5,000 each, indorsed by defendant, or an indorser acceptable to plaintiff, and secured by conditional bills of sale of said trucks executed by the corporation.

In other words, in consideration of plaintiff's agreement to allow the use of the trucks for a certain period, and then if it acquired title thereto to sell and transfer them, defendant agreed to pay a sum certain in the manner specified. The existing Statute of Frauds (Laws of 1911, chap. 571)* provides that a contract to sell, or a sale of any goods of the value of fifty dollars or more, shall not be enforceable unless some note or memorandum is signed, or other things done specified in the statute. The same statute† defines a contract to sell goods as "a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price," and specifically provides† that the goods which form the subject of a contract to sell may be acquired by the seller after the making of the contract, or their acquisition may depend upon a contingency which may or may not happen. It is also well settled that if part of an entire contract is within the statute the whole contract is unenforceable if the statutory provisions have not

---

* See Pers. Prop. Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), § 85, as added by Laws of 1911, chap. 571.— [Rep.

† See Pers. Prop. Law, §§ 82, 86, as added by Laws of 1911, chap. 571.— [Rep.

been complied with. (*De Beerski* v. *Paige,* 36 N. Y. 537; *Dow* v. *Way,* 64 Barb. 255; *Shaffer* v. *Martin,* 25 App. Div. 501; *Van Alstine* v. *Wimple,* 5 Cow. 162.) An agreement to agree to sell is a contract to sell. By the contract as alleged plaintiff agrees in effect to sell and transfer the trucks in consideration of defendant's promise. The fact that this is made to depend on plaintiff's acquiring title subsequent to the making of the agreement, or that there are other provisions in the contract, is not material, as above pointed out. The essence of the contract is, among other things, a sale and transfer of title to the trucks by plaintiff and the delivery or causing to be delivered by defendant of certain notes of a corporation, indorsed as specified. A contract of exchange is within the statute. Plaintiff agreed to transfer goods and defendant to deliver or cause to be delivered notes, choses in action. (*Combs* v. *Bateman,* 10 Barb. 573; *Chapin* v. *Potter,* 1 Hilt. 366.) Plaintiff cites *Blair* v. *Lynch* (20 Wkly. Dig. 575). In that case plaintiff bought property *for* defendant. It was not a sale or agreement *to sell to* defendant. It was held not to come within the statute. The decision has no application here. The contract clearly includes an agreement to sell and transfer, and this, under the above cases, avoids the entire contract. It is urged on behalf of the plaintiff that this question has been in effect passed on and the contract supported by the Appellate Division in its opinion, affirmed by the Court of Appeals, on the demurrer to the former or original answer (165 App. Div. 533; 215 N. Y. 695), especially in relation to the defenses to the second cause of action, not the one here involved, which is the first cause of action. An examination of that opinion, however, in connection with the record and the cases cited, shows conclusively that this is not the case. There were two defenses in the original answer to the second cause of action, one that the promise was to answer for the debt or default of another, and the other that the agreement was for the sale of goods at a price of over fifty dollars. The clauses of the opinion relied on in plaintiff's brief evidently referred to the question raised by the first of the two above mentioned defenses. The second defense was summarily disposed of by the opinion at Special Term and is not specifically

First Department, November, 1916.                    [Vol. 175.

referred to in the opinion of the Appellate Division. The cases cited in the opinion all turned on whether the promise was to answer for the debt or default of another. In none was the sales clause of the Statute of Frauds set up or relied on. Some criticisms are made as to the form of the separate defense, but in view of the allegations of the complaint they seem to be without substantial merit. Demurrer overruled, with costs. Submit order on notice.