Argued April 15, affirmed May 20, 1919.

## RUGH v. SOLEIM.*

(180 Pac. 930.)

**Justices of the Peace — Undertaking on 'Appeal — Limitation in Amount.**

1. It is sufficient that an undertaking on appeal from a Justice Court follow the terms of the statute, and it should not be limited in amount, since to stay proceedings it must provide that appellant will satisfy any judgment that may be given against him on the appeal.

**Justices of the Peace—Undertaking on Appeal—Waiver of Right as to Justification of Surety.**

2. Where appellees on an appeal from a justice of the peace failed to except to the sufficiency of the surety or to require that he justify as provided by Section 2461, L. O. L., they waived their right in that

---

*On the question of power of legislature to require contracts for commissions for finding a purchaser for real estate to be in writing, see note in 33 L. R. A. (N. S.) 973.

On necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see notes in 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

Reporter.

respect, so that the filing of the transcript perfected the appeal as provided by Section 2463.

**Justices of the Peace—Appeal—Undertaking—Justification of Sureties.**

3. That a surety subscribed the affidavit of justification to an undertaking on appeal from a justice of the peace before the appeal was taken did not lessen his liability.

**Brokers—Contracts for Compensation—Statute of Frauds—Sufficiency of Memorandum.**

4. A contract for the exchange of land drawn up by a real estate broker, signed by the broker's principal and the other party to the exchange, providing for a commission to be figured in regular manner and for the payment of the customary sum, but not stating to whom payable, not being a contract made for the benefit of the broker, and the broker having no privity or interest therein, was not a memorandum sufficient to satisfy the statute of frauds (Section 808, L. O. L.).

**Brokers—Severable Contracts—Contract to Sell Realty and Personalty.**

5. A contract whereby a broker was to sell or trade real and personal property providing for a lump sum without reference to the separate value of any particular item *held* not severable as to the realty.

**Brokers — Action for Compensation — Unwritten Contracts Within Statute.**

6. A contract whereby a broker is to sell real and personal property, including services within the statute of frauds, is void when not in writing as required by Section 808, L. O. L., notwithstanding part of the property is personal; action thereon being on the contract, and not for the *quantum meruit.*

**Appeal and Error—Review—Questions of Fact—Direction of Verdict.**

7. Where both plaintiff and defendant rest the case and move for directed verdict, the direction of the court in that respect must be sustained if any of the evidence will support it.

**Customs and Usages—Contracts as Modified by Custom—Requisites.**

8. To be binding, a custom must be reasonable, general, known to the parties, or of such general notoriety that their knowledge of it must be presumed.

From Lane: George F. Skipworth, Judge.

Department 1.

The following is the essential allegation of the plaintiffs' complaint:

"That a few months prior to November 6, 1916, the defendant employed the plaintiffs to try and trade or sell 185 acres of land in Lane County, Oregon, and to

trade or sell some livestock and other personal property for defendant, and that on the sixth day of November, 1916, plaintiffs found and had a man named F. L. Gibbs as a prospective customer and so notified the defendant, and defendant offered to pay plaintiffs the customary sum as commission if plaintiffs would draw up a contract between the said F. L. Gibbs and defendant, stating that said Gibbs would trade certain property to defendant for the above-mentioned property, and cause said F. L. Gibbs to sign same, and if the plaintiffs would help defendant close said deal and get the papers executed and get the agreement executed by said F. L. Gibbs on his part, and defendant offered to figure said commission in the regular manner, and plaintiffs accepted said offer and performed said acts for defendant, and caused said deal to be properly closed to the satisfaction of the defendant and to be properly executed by said F. L. Gibbs and by defendant.''

The remainder of that pleading gives data by which the plaintiffs compute the amount of their demand and avers that the same has not been paid.

Aside from admitting the partnership relation of the plaintiffs, the answer denies all the allegations of the complaint and alleges in substance that there was no agreement in writing respecting the things mentioned in the declaration.

The reply traverses the answer.

The action was originally commenced in the Justice's Court and terminated in a judgment for the plaintiffs on January 18, 1918. On January 21, 1918, defendant served and filed in the Justice's Court a notice of appeal together with an undertaking dated January 19, 1918, signed by himself and Thomas Soleim as surety, the latter of whom signed the affidavit of justification on the date last named. The body of the undertaking is here quoted:

"Whereas, the above-named defendant is desirous of appealing from that certain judgment rendered and entered in the above-entitled court in favor of said plaintiffs and against the said defendant on the 18th day of January, 1918, for the sum of $162.50 together with costs and disbursements taxed in the sum of $9.25, and from the whole thereof, to the Circuit Court of the State of Oregon for Lane County, now, therefore, we, Ole Soleim, defendant and principal, and Thomas Soleim, surety, do hereby undertake, promise and agree that the above-named defendant as appellant will pay all costs and disbursements that may be awarded against him on the appeal, and that he will satisfy any judgment that may be given against him in the appellate court on the appeal."

The plaintiffs moved the Circuit Court to dismiss the appeal on substantially the following grounds: That the transcript fails to show what, if any, transactions were had in the Justice's Court after the notice of appeal and undertaking were filed and during the five days allowed to the plaintiffs by the statute in which to object to the surety; that the undertaking is not sufficient in point of law, because it does not state any amount as a penal sum or any amount for which any individual is bound; that no transcript was filed in the Circuit Court since the appeal was perfected, if it was perfected; that the surety justified and filed the undertaking before the notice of appeal was either served or filed; and, finally, that there was no sum fixed for which the surety should give an undertaking. The Circuit Court refused to dismiss the appeal. At the close of the testimony for the plaintiffs in a jury trial which followed, the defendant rested and moved the court to direct a verdict for the defendant, substantially on the ground that there was no evidence sustaining the plaintiffs' claim within the statute of frauds. The plaintiffs also moved the court to direct

a verdict in favor of themselves in the amount prayed for in their complaint. In this situation the court directed a verdict for the defendant and from the resulting judgment the plaintiffs appealed.

AFFIRMED.

For appellants there was a brief over the names of *Mr. H. E. Slattery* and *Mr. A. K. Meek,* with an oral argument by *Mr. Slattery.*

For respondent there was a brief and an oral argument by *Mr. Fred E. Smith.*

BURNETT, J.—1. An appeal based upon written notice thereof is taken from the Justice's Court by serving such a notice, filing the original with proof of service indorsed thereon by the justice and by giving an undertaking for costs and disbursements on the appeal, but the undertaking does not stay the proceedings unless it further provide that the appellant will satisfy any judgment that may be given against him in the appellate court on the appeal. The undertaking would have been void had it been limited in amount: *State ex rel.* v. *McKinmore,* 8 Or. 207; *Sanborn* v. *Fitzpatrick,* 51 Or. 459 (91 Pac. 540); *Sutton* v. *Sutton,* 78 Or. 9 (150 Pac. 1025, 152 Pac. 271). In that respect, since the undertaking is in the terms of the statute, it is sufficient. Regarding the justification of surety, Section 2461, L. O. L., relating to proceedings in Justice's Courts, declares:

"All sureties on an undertaking on appeal must have the qualifications of bail upon arrest, and if required by the adverse party, within five days after filing the undertaking, they must justify before the justice in like manner."

2. The plaintiffs do not pretend to have excepted to the sufficiency of the surety or made any requirement

that he justify. Hence they must be deemed to have waived that right. Moreover, the bill of exceptions discloses that on the hearing of the motion to dismiss the appeal in the Circuit Court the defendant offered to allow the plaintiffs even then to except to the sufficiency of the surety and that he would justify to the satisfaction of the court, but this offer was not accepted. The waiver of this right takes with it all that depends upon it; which lets into operation the provision of Section 2463, L. O. L., stating that:

"Upon the filing of the transcript with the clerk of the Circuit Court the appeal is perfected."

In the absence of any attempt to require the surety to justify the plaintiffs cannot now abjure their waiver and complain that the appeal was not perfected.

3. The fact that the surety subscribed to the affidavit of justification before the appeal was taken cannot lessen his liability thereon, and hence the plaintiffs were not harmed by that action. It is not pretended that there were any proceedings in the Justice's Court after the filing of the undertaking and the allowance of the appeal. The transcript of the Justice's Court proceedings forming a part of the transcript on appeal and brought into this court by the plaintiffs, appears on inspection to be regular as against any of the objections urged by the motion to dismiss. There was no error in the ruling of the Circuit Court denying this motion.

4. Confessedly, there was no writing signed by the defendant authorizing or employing the plaintiffs as an agent or broker to sell or purchase the real estate mentioned, within the meaning of Section 808, L. O. L., declaring such agreements to be void unless the same or some note or memorandum thereof expressing the consideration be in writing and subscribed by the

party to be charged, and declaring that no evidence other than the writing shall be given in such cases except in the instances provided by law respecting lost instruments and the like. It seems that the plaintiffs drew up a memorandum of the contract between the defendant and one Gibbs, with whom the former exchanged properties, which memorandum was signed by both Gibbs and the defendant and contained this clause:

"Commission on deal to be figured in regular manner and we both agree to pay customary sum."

This was not a contract made directly for the benefit of the plaintiffs. It was a transaction between other parties, in which the plaintiffs had no privity or interest and they cannot claim anything under that stipulation. Although Gibbs and Soleim "both agree to pay customary sum," it is not stated to whom they are to pay it, thus making a situation analogous to those portrayed in *Parker* v. *Jeffery*, 26 Or. 186 (37 Pac. 712), and *Washburn* v. *Interstate Investment Co.*, 26 Or. 436 (38 Pac. 620), where a general promise to advance money for payment of debts or claims without specification of what particular demands are to be paid affords no cause of action in favor of one who might be indirectly benefited by the performance of the promise. The excerpt quoted above is not such a memorandum as satisfies the statute of frauds in the interest of the plaintiffs. There was therefore an utter failure of proof within the meaning of this statute authorizing them to recover for services as brokers in the sale or purchase of real estate for commission.

5, 6. It is claimed, however, that inasmuch as they allege that some personal property was to be included in the deal as well as their services for drawing up the contract and helping to close the deal, the

plaintiffs are entitled to recover at least for the services other than acting as a broker to secure a purchaser for real property. The contract stated, however, is not a severable one. It is for a lump sum without reference to the separate value of any particular item and hence, as it includes services within the statute of frauds, the whole stipulation is void and cannot be enforced as such, the action being plainly upon the contract as alleged and not for the *quantum meruit*: *Banks* v. *Crow,* 3 Or. 477; *Horseman* v. *Horseman,* 43 Or. 83 (72 Pac. 698); *Grant* v. *Grant,* 63 Conn. 530 (29 Atl. 15, 38 Am. St. Rep. 379); *Pond* v. *Sheean,* 132 Ill. 312 (23 N. E. 1018, 8 L. R. A. 414); *Becker* v. *Mason,* 30 Kan. 697 (2 Pac. 850); *Dennis* v. *Kuster,* 57 Kan. 215 (45 Pac. 602); *Jackson* v. *Evans,* 44 Mich. 510 (7 N. W. 79); *Thayer* v. *Rock,* 13 Wend. 53; *Clark* v. *Davidson,* 53 Wis. 317 (10 N. W. 384); *Ellis* v. *Cary,* 74 Wis. 176 (42 N. W. 252, 17 Am. St. Rep. 125, 4 L. R. A. 55); *Kessler's Estate,* 87 Wis. 660 (59 N. W. 29, 41 Am. St. Rep. 74); *R. & L. Co.* v. *Metz,* 175 App. Div. 276 (160 N. Y. Supp. 145); *Quirk* v. *Bank of Commerce & Trust Co.,* 244 Fed. 682 (157 C. C. A. 130). It would be an evasion of the statute if a real estate broker assuming to act under oral appointment to negotiate a sale of land, should be allowed to tack his claim for that service to another demand for drawing a deed and make the latter the device by which he could recover on an agreement which the law says is void unless it is embodied in a writing containing certain prescribed terms. The directed verdict was a proper solution of the issue.

7, 8. Another point of view leading to an affirmance of the ruling of the Circuit Court is illustrated by *Patty* v. *Salem Flouring Mills Co.,* 53 Or. 350 (96 Pac. 1106, 98 Pac. 521, 100 Pac. 298), teaching the doctrine

that when both plaintiff and defendant rest the case and move the court for a directed verdict, the direction of the court in that respect must be sustained if any of the evidence will support it. An essential element of the case for the plaintiffs in the instant contention was the establishment of a custom regulating the rate for calculating commissions. It is elementary that to be binding a custom must be reasonable, must be general and must be known to the parties or be of such general notoriety that their knowledge of it must be presumed. The only witnesses who testified about a custom controlling the rate of computation were two of the plaintiffs. There is no evidence in the record tending to show that the custom was either general or was known to the defendant. Very properly, then, the Circuit Court might conclude that the plaintiffs had failed to establish this essential branch of their case and hence was justified in directing a verdict for the defendant on account of failure of proof in that respect. There is no error in the rulings of the Circuit Court. The judgment is therefore affirmed.    AFFIRMED.

McBRIDE, C. J., and BEAN and BENSON, JJ., concur.