Argued September 12; modified October 3, 1944

# FULLER *v.* FULLER

(151 P. (2d) 979)

Before BAILEY, Chief Justice, and BELT, KELLY, BRAND and HAY, Associate Justices.

*Arthur B. Baines,* of Portland, and *Glenn R. Jack,* of Oregon City, for appellant.

*Joseph H. Page,* of Portland, for respondent.

## HAY, J.

This is a suit for divorce. The parties intermarried in 1928, this being the second venture for each. No children were born to them.

The plaintiff's complaint accuses defendant of cruel and inhuman conduct toward her, consisting of verbal abuse, threats to kill, a great many beatings, and improper association with other women. This conduct, she says, was pursued during practically the whole period of their married life. The defendant denies the charges, and, for his part, alleges that the plaintiff has a violent and uncontrollable temper; that on many occasions, in the presence of others, she insulted and ridiculed him, cursed him and called him vile names; that she has told him in all seriousness that she does not love him; that she is quarrelsome and nagging, morose and sulky; that in the presence of others she has falsely accused him of having had illicit relations with other women; that, without provocation, she has, on numerous occasions, physically assaulted him; that she has threatened his life; that she is a drunkard; that, by her conduct, she compelled defendant's two children by his former marriage to leave his home when they reached the age of about sixteen years; and that she is jealous and suspicious, and of a shrewish and nagging disposition. Further, he sets forth in haec verba the allegations of plaintiff's complaint herein, and, alleging that the charges contained therein are false, says that they constitute cruel and inhuman treatment against him. Each seeks a divorce.

After hearing the evidence, the lower court held the case under advisement for some time, but finally resolved the equities in favor of the plaintiff and granted her a decree of divorce, with supplemental

relief as hereinafter mentioned. The defendant has appealed to this court.

We have labored through the voluminous transcript of the testimony which was received in the lower court, and have weighed the evidence with care. No practical purpose would be served by a detailed discussion or analysis of such evidence. It is sufficient to say that each party offered proof which, if believed, tended to establish his case.

■ The learned trial judge, at the conclusion of the hearing, intimated in effect that it seemed to him that the lady did "protest too much", and that, to accept her testimony at face value, he would have to conclude that she was a saint and very good, and that everybody else was bad. After mature consideration and reflection, however, he ultimately came to the conclusion that she was entitled to a decree. There is nothing in the evidence which would justify us in saying that his conclusion was manifestly erroneous. The plaintiff's own testimony, by which in large measure she supported the allegations of her complaint, does not lack corroboration, so far at least as the alleged beatings are concerned, by witnesses who were obviously disinterested by friendship or otherwise. The defendant's testimony was likewise corroborated, but, we think, not so convincingly. It is impossible for this court to disentangle the truth from the welter of charges and countercharges, and we feel that in this case we must accept the decision of the trial judge, who saw the witnesses and heard them testify. The fact that apparently, at first, he was inclined to doubt plaintiff's story, and afterward changed his mind, is immaterial. After all, the reason for taking a cause under advisement is that the judge

may give it mature and deliberate consideration, and, in the course of such consideration, he may well arrive at a different conclusion from that which he reached on first impression.

■ We are not satisfied that the plaintiff was entirely without fault in the premises. As we read the record, she seems to have been somewhat neurotic, and very jealous of defendant. In all probability, she was not entirely well physically. We cannot say, however, that the parties were in pari delicto, or that the plaintiff's shortcomings were not justified by provocation, or were disproportionate to her treatment by the defendant, in view of the evidence to which the decision of the trial judge imputed verity. Under the circumstances, we do not feel that her faults were sufficient to debar her from relief in a court of equity. *Vinson v. Vinson,* 111 Or. 634, 226 P. 233; *White v. White,* 100 Or. 387, 190 P. 969, 197 P. 1080.

The parties are the owners of about three-quarters of an acre of land in the city of Portland, upon which they have erected a commodious and modern dwelling-house. This property they held as tenants by the entirety, and the decree properly converted their estate into a tenancy in common. *Schafer v. Schafer,* 122 Or. 620, 260 P. 206, 59 A. L. R. 707. At the time suit was commenced, they were living in this residence, although for some time prior thereto they had ceased to cohabit as man and wife, but on being served with summons and complaint, the defendant removed from the dwelling and left the plaintiff in possession.

■■ The decree awarded plaintiff the sum of $1000 as alimony in gross, and, in addition thereto, alimony by installments at the rate of $50 a month. Jurisdiction to award alimony is purely of statutory origin. 27

C. J. S., Divorce, section 203; *Howard v. Howard,* 164 Or. 689, 103 P. (2d) 756. Our statute, section 9-914, O. C. L. A., empowers the court, on declaring a marriage void or dissolved, to provide for recovery from the party in fault of "such an amount of money, in gross or in instalments, as may be just and proper for such party to contribute to the maintenance of the other." In arriving at what is just and proper, it has been well said that no definite rule can be laid down, but, on the contrary, that each case must be determined by its own particular facts. Many matters are pertinent to be considered, including the financial circumstances of the parties, the nature and amount of their respective properties, the contribution of each to the joint or accumulated property, their respective ability to earn a living, and their age and state of health. 27 C. J. S., Divorce, section 233.

■ In addition to the home property, the defendant is the owner of a tract of twenty acres of land near Pasco, Washington, and an unimproved town lot in Pasco. The value of this Washington property, according to the allegations of the complaint and the admissions of the answer, is $2400. Evidence was introduced in an attempt to show a greater value but such evidence was not very convincing, and in any event we feel that we are bound by the pleadings in this connection. The plaintiff herself owns a small house in Tacoma, Washington, from which she receives rental of from $15 to $20 per month. The value of the property was not disclosed either by pleading or evidence. There is no evidence of any other property or moneys owned by either of the parties. The plaintiff received her Tacoma property from her former husband, and the defendant contributed nothing there-

to. The plaintiff contributed nothing to the defendant's Pasco property. It is in evidence that the defendant has been employed for many years by the American Railway Express, and his income for the year 1942 was $3593. We are not advised as to the age of either of the parties, and it is a matter of speculation as to how long the defendant will be able to earn his present relatively high wages. Based on the age of her oldest child, we gather that plaintiff must be "in the fifties".

■■ Our statute provides that, upon the dissolution of a marriage, the prevailing party shall be entitled to an undivided third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of the decree. Section 9-912, O. C. L. A., as amended by chapter 407, L. 1941. We think that, in fixing the amount of alimony, the trial court was entitled to take into consideration the value of the property of the defendant in the state of Washington. 27 C. J. S., Divorce, section 233 (2) (b), p. 955; *McCallister v. McCallister*, 113 Or. 124, 229 P. 687. The defendant's Washington property was, of course, beyond the jurisdiction of the Oregon court, although it might have been reached by the court indirectly through its jurisdiction of the defendant's person. Anno., 51 A. L. R., 1081, 1085. While it was impossible, therefore, for the trial court to award plaintiff the statutory one-third in fee of the defendant's Washington property, we can see no impropriety in reaching the same result in effect by the award of alimony in gross. *McCallister v. McCallister*, supra; *Bates v. Bodie*, 245 U. S. 520, 62 L. Ed. 444, 38 S. Ct. 182, L. R. A. 1918C, 355. It is necessary to cut down the $1000 so awarded because that sum represents more than one-

third of the agreed value of the Washington property. Such award, therefore, will be reduced to $800.

 It is objected by defendant-appellant that the statute contemplates only an award of alimony either in gross or by installments. It is true that, in terms, it refers to alimony "in gross or in instalments", but we interpret those terms as being permissive, rather than exclusive. Appellant cites *Howard v. Howard*, supra (164 Or. 689, 103 P. (2d) 756), as authority for his position here, but the question of whether or not it was competent for the court to ward alimony in gross *and* by installments was not before us in that case. So far as the present discussion is concerned, that case decided merely that the statute does not entitle a party "to lump sum alimony in an adequate amount to assure" her support, "plus installment alimony awarded upon a similar basis". Taking into consideration only the factor of what amount the trial court might, with reason, have imposed upon the defendant for the maintenance of the plaintiff, we cannot say that the small sum awarded in gross, plus monthly installments of $50, was excessive in this case. Moreover, in view of the fact that the Washington property was beyond the jurisdiction of the court, we think that the award of alimony in gross, based upon the value of that property, was proper.

 The home of the parties in Portland is furnished with furniture, part of which was contributed by the plaintiff, part by the defendant, and part by them jointly since the marriage. Upon insufficient evidence, as we think, the court awarded the whole of such furniture to the plaintiff. This was error, and we think it was moreover beyond the power of the court, as no issue was raised by the pleadings respecting the

ownership of such furniture. This court has held that where personal property is sought to be recovered in a case of this sort, the pleadings must allege facts sufficient to show a right to the relief claimed. *Sutton v. Sutton,* 78 Or. 9, 15, 150 P. 1025, 152 P. 271.

The decree of the lower court will be modified by reducing the amount of alimony in gross from $1000 to $800, and by eliminating the award of household furniture to the plaintiff. In other respects, it is affirmed. Respondent has asked for an allowance for attorney's fees on this appeal. We approve the request, and allow her the sum of $150. She may also have her costs on appeal.