## Deborah M. Snyder v. Philip Snyder.

The holder of a mortgage shall lose no substantial rights by becoming owner of the equity of redemption.

Where the holder of a mortgage given by husband and wife became owner of the husband's equity of redemption, and, subsequently, conveyed the lands with warranty, — *Held*, That, in a proceeding for the recovery of dower brought after the husband's death by the wife against the grantee, the amount of the mortgage must be deducted from the whole value of the premises, and such portion of the land set off to the widow's use as is worth one-third of the residue.

Such deduction may be made when the proceeding for the recovery of the dower is by action of ejectment.

The conveyance of the equity of redemption to the assignee of the mortgage is, in such circumstances, such a merger as authorizes him to stand in the position of an assignee of the mortgagor satisfying it, under § 2777 Compiled Laws.

*Submitted May 27th. Decided June 8th.*

Case reserved from Calhoun Circuit.

The action was ejectment for dower.

On the trial before the court without a jury, the following facts were admitted:

The marriage of the plaintiff with Samuel Snyder, and the death of Samuel Snyder: That during the marriage, on June 17th, 1840, Peter Snyder conveyed the premises in question to said Samuel Snyder: That on April 25th, 1853, said premises were conveyed by sheriff's deed, by virtue of an execution issued on a judgment against Samuel Snyder, to David and Walter Peabody, who, in December fol-

lowing, conveyed to Alvah E. Snyder, and the latter to defendant October 5th, 1855, by warranty deed: That in September, 1849, Samuel Snyder gave Chester Moss a mortgage for $500 and interest, in which the plaintiff joined, which mortgage was assigned to said Alvah E. Snyder, June 14th, 1853, and remains unpaid; and that the defendant is in possession of the premises.

Upon the foregoing facts, the circuit court reserved the following questions for the opinion of this court:

1st. Did the deed of the mortgaged premises from the Peabodys to Alvah E. Snyder, the assignee of the mortgage, operate as a merger of the mortgage as between the parties to this suit?

2d. Is the plaintiff entitled to maintain ejectment for dower in this case?

*H. A. & L. G. Noyes*, for plaintiff:

The union of the two titles in Alvah E. Snyder was a merger, and consequent extinguishment, of the mortgage lien. — 2 *Bl. Com.* 177; 4 *Kent*, 99 *to* 101; 1 *Wend.* 478; 2 *Cow.* 284; 4 *Mich.* 646; 15 *Barb.* 8.

The purchase by Alvah Snyder of the interest acquired under the execution sale, did not cancel the mortgage debt, and when he afterwards conveyed to defendant, the debt remained outstanding in his hands against the husband's estate. If there was technically no merger of the mortgage lien, still the debt was separated from the mortgage interest by the conveyance to defendant, which, being by warranty, estops Alvah E. Snyder from using the mortgage in opposition to his deed.

Defendant can not set up the mortgage, because his deed does not operate as an assignment of it to him, but only a conveyance of the husband's interest in the equity of redemption, and a release or discharge of the land from the mortgage, leaving the debt, which has an independent existence, in its original validity. If a mortgagee grants

the land mortgaged, with warranty, the purchaser does not come in as assignee of the mortgage. — 2 *Cow.* 230; 19 *Johns.* 325; 10 *Ibid.* 481.

*Hughes & Woolley*, for defendant:

As between the widow of the mortgagor claiming dower, and the mortgagee, no merger takes place by the legal and equitable estates meeting in the same person. — 4 *Kent*, 45; 3 *Pick.* 475; 19 *Wend.* 162; 6 *Johns. Ch.* 422; 14 *Pick.* 98; 7 *Greenl.* 377; 3 *Hill*, 103; 8 *Mass.* 490; 2 *Mason*, 531; 9 *Fos.* 202; 6 *Blackf.* 477; 7 *Johns.* 282.

The only remedy of the plaintiff is by bill to redeem. — 14 *Pick.* 103; 3 *Hill*, 103; 7 *Greenl.* 41; 7 *Metc.* 157; 6 *N. H.* 25.

CAMPBELL J.:

This case comes up on reservation from Calhoun Circuit.

The plaintiff, who is widow of Samuel Snyder, brought ejectment for her dower in certain premises occupied by the defendant. The property was sold during the life-time of Samuel Snyder, upon an execution against him. Prior to the execution proceedings, Samuel Snyder had executed a mortgage upon the premises, in which the plaintiff joined by way of releasing her dower. The execution title having become absolute, was purchased by the holder of the mortgage, who subsequently conveyed the whole property by warranty deed to the defendant in this action.

The plaintiff claims that she is entitled to dower in the premises, without any deduction on account of the mortgage, on the ground that it has been extinguished by the union of titles.

The authorities are quite uniform that the holder of a mortgage interest shall lose no substantial rights by becoming owner of the equity of redemption. It would be a rule in conflict with every principle of justice, to hold that by the union of two separate interests, each of which repre-

sented a full and valuable consideration, either should be destroyed, unless some duty lay on the holder inconsistent with the assertion of any such rights. In this case the wife was fairly entitled to dower in the fee of the land, because she never released her dower in it; but she certainly could have no claim to dower as against the mortgage, unless that had been paid or discharged by some one whose act would in law inure to her benefit.

Our statute (2 *Comp. L. p.* 851) provides that when the heir, or any other person claiming under the husband, shall pay and satisfy a mortgage in which the wife has joined with her husband, the amount of the mortgage shall be deducted from the whole value of the land, and the widow's dower shall be set off in the residue. In setting off dower under such a state of facts, the commissioners, having ascertained the whole value of the property, deduct from that value the amount of the incumbrance, and set off such a portion of land to the widow's use as they consider worth one-third of the residue. The amount of the incumbrance being ascertained, there is no practical difficulty in performing their duty.

Mr. Alvah Snyder, holding the execution title and the mortgage, and having conveyed the land as an entirety, it is fair to presume that he intended to regard the mortgage as extinguished, as an independent security. But this extinguishment being made by himself, and he being, in virtue of his execution title, an assignee of the husband, this can not enlarge the widow's rights. She can only claim dower in the residue. And inasmuch as the statute provides for making the deduction in setting off dower, that is the proper occasion for making it.

The only remaining inquiry is whether this can be done in the action of ejectment. Our statute does not require dower to be set off before ejectment. It authorizes an action to be brought by any one entitled to dower, and, in case of recovery, provides that it shall be set off

6 MICH. — 2F.

by commissioners, in the same manner as in probate proceedings. — 2 *Comp. L. p.* 1240, § 4612.

As the widow's dower is to be reduced by any such incumbrances as have been referred to, it would seem that they should be proven in order that a proper foundation may be laid for instructions to the commissioners. In this case the amount of the mortgage is agreed upon, and there is therefore no difficulty in giving the proper instructions.

We are of opinion that the facts before us are such that the whole rights of the parties may be disposed of in the action of ejectment, and that the conveyance to Alvah Snyder was, under the circumstances, such a merger as authorized him to stand in the position of an assignee of Samuel Snyder satisfying it.*

The other Justices concurred.

---

*See *Brown v. Lapham*, 3 *Cush.* 557.