NEWTON *v.* SLY.

## Melville Newton v. Charlotte Sly.

*Conveyance: Resulting trust: Dower: Purchase-money mortgage: Possessory right of mortgagee.* The defendant's husband conveyed certain real estate to his sons by deed, in which she did not join. At the time of the sale the land was covered by a partly paid purchase-money mortgage, the remainder of which was afterwards paid by the said sons. It appeared that the sons were the real purchasers of the land originally, and had the land conveyed to their father, intending it to be for their own benefit, and upon the verbal understanding that he would deed to such of them as they might require; and that said conveyance finally made was in pursuance of said arrangement, and all payments on the mortgage had been made by them and not by him. *Held,* that the statute (2 *Comp. L.* § 2637) having abolished the resulting trusts formerly arising in favor of the persons paying purchase money, the legal title vested absolutely in the father, and that said verbal agreement being void (*Comp. L.* § 3177–8) the conveyance by him to the sons must be regarded as the origin of their title, and payments made by them on the mortgage prior to that conveyance must be considered as in aid of his title, and not of theirs.

*Held* further, that in estimating the widow's right of dower in the land so conveyed, it must be taken subject only to so much of the purchase-money mortgage as remained unpaid at the time of the conveyance by the husband, and that the sons or their grantees could not claim any deduction on account of previous payments, made before they acquired title.

Under our statutes a mortgagee obtains no possessory rights before foreclosure; and the widow's right of dower being a part of the equity of redemption, her possessory claims can not be barred or prejudiced by proceedings or agreements to which she is not a party.

*Heard May 9th.   Decided May 14th.*

Error to Wayne Circuit.

This was an action of ejectment brought by defendant in error to recover dower in lands conveyed by her husband during their marriage.

Judgment was rendered for plaintiff below.

The facts and rulings of the Circuit Judge are stated in the opinion.

*D. C. Holbrook,* for plaintiff in error.

1. The plaintiff in error insists that the defendant in error is not entitled to recover at all in this case, for the reason that as to the defendant in error the mortgage is

outstanding and in the hands of the plaintiff in error; that so long as any amount remains unpaid the mortgagee or assignee, plaintiff in error, is entitled to possession and to the estate.

The plaintiff in error claims to hold under the assignee of the mortgagee by virtue of the warranty deed of such assignee of Durfee.— *Comp. L.* § 2775.

2. The plaintiff in error insists that the arrangement between Silas Sly and his sons, that he would take the conveyance for their convenience, and that he was to convey, and did convey, operated as an executed trust; but if it did not so operate, then it was a sale partially executed by delivering possession in consideration of payment of the purchase price or payment of the mortgage; and, that as the sons thereby became the owners, as of the date of the mortgage, they and their grantee, the plaintiff in error, are entitled to have deducted, as of the date of alienation, the whole amount paid by them on the mortgage, either before or after alienation.— *Comp. L.* § 2777; 6 *Mich.* 470.

3. The plaintiff in error claims that the court below erred in charging the jury that the defendant was entitled to dower in this cause as against this plaintiff, with or without deductions, and this, for the reason that if a grantor holds a mortgage for part of the purchase money, he is compelled to give up a part of the land without knowing that the whole will ever yield sufficient to pay the balance. It seems absurd that dower shall be granted in lands against the solemn pledge, agreement and mortgage of the party claiming such dower.

It is useless to cite any of the multitude of authorities holding that dower can not be claimed against a mortgage to secure the purchase money. The case of Snyder v. Snyder is the only one to the contrary, and there, this point was not raised.

*Ward & Palmer*, for defendant in error.

1. The court properly excluded all testimony tending to show that the deed from Durfee to Silas Sly was taken, and the title was to be held by him, in trust, for the benefit of his sons. The bill of exceptions states that no trust was expressed or set forth in the deed or in any writing; in other words, if any trust existed, it must have been a mere resulting trust, or a trust created by implication of law or by a parol contract.

Such estates are now abolished by statute, except such as are specifically set forth in the instrument creating them. 9 *Mich.* 365; 2 *Comp. L.* §§ 2630, 2632, 2637.

Parol evidence, therefore, could not be received to establish either an express or an implied trust. — 10 *Paige Ch.* 562; 2 *Comp. L.* § 3177-8.

2. It is claimed that the court erred also in refusing to charge that the defendant below was entitled to have deducted from the value of said premises, all that his grantors had ever paid on the Durfee mortgage, as well before, as after their alienation by Silas Sly. If it be true that all the money paid by the sons of Silas Sly, on the purchase of the premises they themselves made of Durfee, inured exclusively to the benefit of the grantee, which is most plainly declared shall be the case in the statute above cited, then in effect, so many of the payments as were made while Silas Sly owned them, and before he aliened them, were made by him, and hence could not be deducted from the value of said premises before dower was assigned, and that the defendant below had no right to have any such deductions made.

3. It is urged that the Circuit Judge erred because he would not charge that all the money the sons paid to Durfee as purchase money, on the premises they bought of him, and put in Silas Sly's name, should apply as purchase money of the same premises from Sly to his son.

15 MICH. — 2A.

If this were so, the statute could always be evaded by the simple method of the purchaser making a contract with the grantee that the money advanced by him in payment, should be the purchase money from the grantee to him, and he could take the deed when he chose, and if the grantee refused afterwards to convey, he could compel the grantee to convey to him by a bill for specific performance.

Again, such a construction of the statute could only be enforced on the ground that the money was advanced for the use of the person who paid it on such a purchase, which is directly contrary to the statute. In this case it would create a use for the sons who paid the purchase price for Sly to Durfee, in that all such money was to inure to the benefit of the sons on a purchase from Silas Sly.

4. The court did not err in charging that the plaintiff in error had a right to have deducted only such amount of the Durfee mortgage as was paid after the alienation by said Silas Sly. The charge is in strict accordance with the provisions of the statute — *Comp. L.* §§ 2777, 2778 — and the construction put on the same, by this court, in the case of *Snyder v. Snyder*, 6 *Mich.* 470.

The statute provides who may pay that mortgage and have a right of such deduction, viz: the heirs and other persons claiming under the husband. Of course, Silas Sly could have no heirs while living, and the payment made by the sons before he aliened the premises were not made as *heirs*, and until Silas Sly deeded to them, they could not claim under him, so that in either case the sons or their grantee could not claim a deduction for the payment made before alienation. The plaintiff had a right to recover such a proportion of the premises as one-third of the value at the time of alienation, after deducting the amount of incumbrance, bears to its present value.

It was further urged, also, that defendant below being the grantee of Hial P. and Nathan T. Sly, under a warrantee deed, and they being the assignees of the Durfee mortgage, plaintiff could not recover in ejectment of defendant under such circumstances, on the ground that the title passed to the mortgagee and to the assignee of said mortgage, and that their title by their warrantee was transferred to defendant. Although such might have been the case formerly, it is very clear that such is not the law now in force in this state. — 2 *Comp. L.* § 4614; 6 *Mich.* 470; 12 *Mich.* 278; 13 *Mich.* 374.

CAMPBELL J.

Action was brought by Mrs. Sly to recover dower in lands conveyed ˌby her husband, during the marriage, to his sons, by deed, in which she did not join. The land, at the time of the sale, was covered by a partly paid purchase money mortgage, the remainder of which was afterwards paid by the sons, who conveyed by warranty deed to Newton, and who subsequently took an assignment of the mortgage, after it had been fully paid. The chief contest arose out of a claim on the part of the defendant below to have deducted from the value of the premises at the time of Sly's conveyance, not only so much of the mortgage as had not then been paid, but also the sums previously paid; or, in other words, the entire mortgage money and interest originally secured.

The claim to this full deduction was based on a showing that Sly's sons were the real purchasers of the land originally, and not only paid the money which was required for the advanced instalment, but also agreed to pay, and did pay, the sums falling due on the mortgage, and had the land conveyed to their father in trust for their own benefit, and upon the understanding that he would deed to such of them as they might require; and that the conveyance which he finally made was in pursuance of this arrangement.

The Circuit Court withdrew this evidence from the jury, and confined the deductions, on account of the mortgage, to the sums paid after the conveyance.

We think this course was proper. The whole arrangement between Sly and his sons was verbal. Our statute has abolished the resulting trusts which formerly arose in favor of parties actually paying the consideration for lands conveyed to others. Now, if the conveyance to the grantee is made with the consent of the one who pays for the land, the latter can claim no interest in the estate. — *Comp. L.* § 2637. Nor can an express trust in lands be created by parol. — *Comp. L.* § 3177 – 8. Inasmuch as these verbal agreements were void, the conveyance from Silas Sly was the first thing which gave his grantees any interest in the land. Of course, they can not claim that previous payments were made to protect their title. The statute secures to them the advantage of all payments made thereafter. — *Snyder v. Snyder*, 6 *Mich.* 470. But the court below allowed these, and gave them all they were entitled to demand.

It was also urged that as the purchase money mortgage was valid against the right of dower, it precludes any possessory action to recover it. We have frequently decided that a mortgagee has no possessory right until foreclosure.—*Baker v. Pierson*, 5 *Mich.* 456; *Crippen. v. Morrison*, 13 *Id.* 23; *Ladue v. D. & M. R. R. Co.* 13 *Id.* 380; *Caruthers v. Humphrey*, 12 *Id.* 270. In the first case cited, a mortgagee receiving possession from the mortgagor, pending a suit for the foreclosure of a prior mortgage, to which he was not made a party defendant, was held not to be entitled to any rights as mortgagee in possession, and was treated as standing in the shoes of a mortgagor. Mrs. Sly's right of dower is embraced in the equity of redemption of the mortgage, and no agreement, to which she is not a party, can give a right of possession under that instrument as against her possessory claims.

The charge of the court below gave, therefore, to the defendant in ejectment, the benefit of every allowance which he had any possible right to assert, and there was no error in the proceedings.

The judgment must be affirmed, with costs.

The other justices concurred.