OSMOND TOWER ET AL. V. DANIEL A. DIVINE ET AL.

*Merger of Mortgage—Redemption by Subsequent Mortgagee.*

A mortgage is not merged in a deed between the same parties, against their intention and the mortgagee's interest.

Where there is an existing mortgage, a subsequent mortgagee can be made to redeem against it or be barred of all rights under his mortgage.

A second mortgagee after instituting foreclosure proceedings to which he made a subsequent mortgagee a defendant, took a quit-claim from the mortgagers and acquired the first mortgage. Whether the subsequent mortgagee, in setting up these facts as a defense, could do so in an answer, or should set them up by plea or cross-bill—Q.

Appeal from Ionia.    Submitted Oct. 10.    Decided Oct. 23.

FORECLOSURE. The facts are in the opinion.

*Wm. O. Webster* for complainant.    Assignment of a mortgage to one who has purchased the right to redeem, does or does not extinguish the mortgage according to the interest of the assignee and of the parties, and there can be no merger where a right outstanding in a third person intervenes between the right held and the right acquired. *Hunt v. Hunt*, 14 Pick., 384; *Grover v. Thatcher*, 4 Gray, 526;

*Evans v. Kimball,* 1 Allen, 240; *James v. Morey,* 2 Cow., 246. A mortgage is not merged by a purchase of a partial or entire interest in the equity of redemption, where there are intermediate rights, or where the interests of the mortgagee require the titles to be kept separate. *Cooper v. Bigly,* 13 Mich., 478; *Snyder v. Snyder,* 6 Mich., 470; *Dutton v. Ives,* 5 Mich., 515.

*Alex. W. Dodge* for defendant Mary J. Young, cited *Ladue v. D. & M. R. R. Co.,* 13 Mich., 380, and *McCabe v. Farnsworth,* 27 Mich., 53, and urged that a conveyance by the mortgager to the mortgagee, pending foreclosure proceedings, to which subsequent incumbrancers were made parties, had the effect of dismissing the suit as to all the defendants, even if the mortgagers agreed that he might proceed with it. *Widner v. Lane,* 14 Mich., 132.

GRAVES, J. October 9, 1869, the defendant Divine purchased the premises in the pleadings mentioned of John W. Young and gave to the latter his mortgage on the premises to secure $1,000 of the purchase money.

May 30, 1871, he again mortgaged the premises for $1,082.67. This mortgage was executed to complainants.

September 26, 1873, he made a third mortgage for $766.33. This was executed to the defendant, Mary J. Young.

February 13, 1874, complainants filed their bill for the foreclosure of their mortgage and made Divine and his wife parties and also joined Mrs. Young as defendant, she being described as subsequent incumbrancer. All the defendants were personally served with subpœna, and all allowed the bill to be taken as confessed, and a decree was at length made to sell on or after March 1, 1875.

But on June 5th, 1875, the court, on the petition of Mary J. Young, vacated all the proceedings subsequent to the service of subpœna, and gave her permission to answer.

She accordingly filed her answer on July 3d, 1875, and the complainants replied on the 14th of that month. The proofs were then taken in open court and it was shown that

on April 1st, 1874, complainants had acquired the first mortgage, being that given to John W. Young, and had likewise taken a quit-claim deed of the mortgaged premises from Divine and wife.

February 13, 1877, the court made a final decree. It adjudged and ordered that defendants should pay or cause to be paid to complainants the sum of $1,532.90, the amount found to be due upon said complainants' bond and mortgage, together with the interest and costs to be taxed on or before the 15th day of June, A. D. 1877, and in default of such payment that the premises, or so much as should be necessary, etc., to raise the amount due, etc., should be sold at any time after such date. It also adjudged that Mary J. Young and all persons claiming or to claim from or under her should be barred.

It likewise expressly provided that the defendants should not be personally liable for the amount due on the decree and that no execution should issue against the defendants or either of them therefor.

Mrs. Mary J. Young appealed; all the other parties acquiesced in the decree.

She objects in the first place that the quit-claim by Divine and wife vested the legal title in complainants and caused a merger of their mortgage, and that they thenceforth held the premises subject to her mortgage and were not entitled to the rights of prior mortgagees. The evidence clearly overrules this position. The proof is very positive and distinct that the intention was that the right and relation of the complainants as mortgagees should be fully preserved. It was for their interest that the mortgage should be kept alive, and the rule of equity favors the intention and the claims of interest in such cases. *Cooper v. Bigly*, 13 Mich., 463 and cases; *Thorn v. Newman*, 3 Swanston, 603; *Nurse v. Yerworth*, Id., 608; *Whittle v. Henning*, 2 Phil., 731; *James v. Morey*, 2 Cow., 246; *Champney v. Coope*, 32 N. Y., 543; *Mallory v. Hitchcock*, 29 Conn., 127; *Heath v. West*, 26 N. H., 191; *Wilson v.*

*Kimball*, 27 Id., 300; *Davis v. Barrett*, 11 E. L. & E.; 317; *Corwin and others v. Collett's Ex'rs and others*, 16 Ohio St., 289. The mortgage interest was not extinguished.

It is next claimed on the part of Mrs. Young that if there was no merger the suit was caused to be absolutely defective as to all the defendants by the release of the equity of redemption to complainants, and the claim is set up that a decree in favor of complainants is rendered wholly impracticable for the want of a proper basis.

The principles of equity which guard the mortgage and identify it as a continuing separate security and interest necessarily imply a remedy and power in the courts for making it available. It would be absurd if the rules of the court should treat the mortgage as an existing valuable security in the hands of complainants and at the same time should admit that no beneficial adjudication could be grounded on it.

Not having merged, it is an existing mortgage and prior to that of Mrs. Young. Being prior it is capable of use as a basis of proceeding to compel her to redeem against it or be barred of all right under her mortgage. *Benedict v. Gilman*, 4 Paige, 58.

In those jurisdictions which permit that mode of proceeding the requisite relief might be given by strict foreclosure.

In the present case complainants have consented to a decree of sale and have waived all personal claim and the mortgagor has acquiesced, and it is not perceived that Mrs. Young as holder of the junior mortgage has any good cause for complaint.

Her position is made no worse than it would have been if the release had not been taken.

She may redeem against the same claim, and she ought not to find fault because complainants tender opportunity through a public sale to get rid of their lien for less than its face. They have much less reason to be satisfied with the shape of the proceeding than she has.

The end aimed at is to compel her to redeem or be

barred, and the circumstance that the end is sought in a mode less advantageous than another to complainants is not a forcible argument for her.

Granting that the mortgage was not merged, as we find it was not, and it must be admitted that complainants are entitled to the assistance of the court as against the junior mortgage, and the learned counsel for appellant has not ventured to suggest any better remedy than the present. Had the other parties made complaint of the interlocutory shift, a different question would have been presented. So too if the acts complained of could possibly hurt the interests of appellant the matter would be open to different considerations. But as the other parties are satisfied, and the appellant cannot be prejudiced and may be benefited, and as the groundwork of the case substantially authorizes the result due in equity on the real facts, there would seem to be no defensible ground for reversing what has been done in order to remit the parties to a new litigation. We have not deemed it expedient to inquire whether the appellant has pursued an authorized course in agitating by answer this particular matter which arose after the bill was filed. Whether the special defense ought not to have been made by plea or cross-bill may be a question. 1 Danl. Ch. P., 606, 607. We merely notice the circumstance in passing without intimating any opinion.

The decree should be affirmed with costs.

COOLEY, C. J. and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.