TITUS *v.* CAVALIER.

1. EQUITY—ADJUSTMENT OF LIENS OF ALL INTERESTED PARTIES.
   Courts of equity seek to adjust in a single suit, as far as practicable, equities of all parties having liens upon the land, to end the litigation.

2. MORTGAGES—DEED AND CONTRACT BACK CONSTITUTE MORTGAGE.
   Deed from grantor, desiring to build a house, to contractor and land contract back to grantor, which were executed for purpose of security constituted a mortgage.

3. SAME—PRIORITIES—REDEMPTION BY JUNIOR MORTGAGEE.
   As between holders of recorded mortgages against same property the one last in date is the least in equity and junior mortgagee retains right to redeem from mortgage sale by paying amount due on senior mortgage with interest.

4. SAME—MERGER OF ESTATES—INTENT.
   Rule that when mortgagee becomes owner of the fee, the former estate is merged in the latter is subject to exception that when it is to the interest of mortgagee and is his intention to keep mortgage alive, there is no merger, unless rights of mortgagor or third persons are affected thereby; the intent being the controlling consideration and if it be for interest of the one in whom the estates are united to keep mortgage alive, the law will not imply an intent to merge.

5. SAME—JUNIOR MORTGAGEE.
   Mortgagee who knew of previous unrecorded mortgage transaction *held,* junior mortgagee and is not a third party entitled to preference over such previous mortgagee who acquired outstanding fee but kept mortgage alive.

6. SAME—FORECLOSURE—LAND CONTRACTS.
   First mortgagee who acquired outstanding fee which had been sold on land contract and later forfeited *held,* entitled to foreclose mortgage only, not forfeited land contract where writ of restitution had been returned satisfied.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 17, 1936. (Docket No. 138, Cal-

endar No. 38,947.) Decided June 11, 1936. Rehearing denied September 2, 1936.

Bill by Leon F. Titus, receiver of Peoples State Bank for Savings, against Dominick Cavalier and Tony Rose to quiet title to land and in the alternative to foreclose a mortgage. Cross-bill by Tony Rose against plaintiff to foreclose a mortgage. From decree entered on plaintiff's bill foreclosing the mortgage, defendant Rose appeals. Modified and affirmed.

*H. Winston Hathaway,* for plaintiff.

*Turner & Cochran,* for defendant Rose.

BUSHNELL, J. This appeal is to review a decree which determined a controversy between plaintiff and defendant Rose as to priority of their claimed liens on premises originally owned by defendant Cavalier.

Desiring to erect a dwelling upon his vacant lot, Cavalier entered into a building contract on February 27, 1927, which was not recorded. A few days prior to this he deeded the lot to the contractor who recorded his deed February 23, 1927. Later, Nieboer, the contractor, borrowed from plaintiff's bank giving a mortgage on the premises dated May 31, 1927, which was recorded June 2, 1927. Cavalier and Nieboer entered into a land contract on June 1, 1927, which was not recorded.

The claim of defendant Rose arises out of a loan by him of $900 secured by a mortgage from Cavalier dated April 2, 1927, but not recorded by Rose until December 10, 1927. This money was used in part to pay for a basement, some of the remainder spent

on other improvements, and the balance was given to Nieboer, all of it going into the property.

On October 8, 1927, Nieboer deeded to Kidder and thereafter Cavalier made his contract payments to Kidder. When he fell behind in payments a new contract was made which was eventually foreclosed by summary proceedings, and writ of restitution issued on April 29, 1931, was returned satisfied.

Kidder conveyed to plaintiff by quitclaim deed January 10, 1933, which deed was accepted by the receiver in full satisfaction and payment of the mortgage from Nieboer to the bank dated May 31, 1927, this deed being recorded February 3, 1933.

Plaintiff receiver, claiming that Cavalier was still in possession of the premises and that Rose's undischarged mortgage constitutes a cloud on the bank's title, sought a decree quieting the title or in the alternative that he be allowed a first lien for the unpaid land contract balance and the amount due upon Nieboer's mortgage note and that the premises be sold to satisfy the amount found to be due plaintiff. Defendant Rose answered and claimed affirmative relief by a cross-bill for foreclosure of his mortgage. Cavalier, who did not answer either bill of complaint, was defaulted.

The trial court entered a decree for $4,911.61 and ordered a circuit court commissioner's sale with taxed costs against defendant Rose. The decree included the balance due on the land contract rather than the amount due on the bank's mortgage.

Appellant Rose says:

"The fee title of the property now rests with plaintiff, and all other interests created by the many intervening conveyances, whether originally superior or inferior to that of defendant Rose, have now

become extinguished by operation of law or voluntary act in plaintiff's fee title, leaving the mortgage of defendant Rose a first mortgage.''

Therefore he argues the court was in error in its finding and plaintiff's bill should. have been dismissed and appellant's cross-bill allowed.

In spite of the unsatisfactory nature of the record, we shall dispose of the matter in order that there may be an end to this litigation. *Baker* v. *Pierson,* 6 Mich. 522, 539.

Cavalier is not in possession of the property; he was served with process, declined to answer and was defaulted. He testified that he moved out and makes no claim to any further interest in the premises. He recognizes his deed to Nieboer and the Kidder writ of restitution. Kidder thereby acquired possession and he and his wife have quitclaimed all their right, title and interest to plaintiff receiver. No one questions plaintiff's title except defendant Rose.

The Cavalier deed and the Nieboer contracts having been executed for the purpose of security constituted a mortgage. *Skupinski* v. *Provident Mortgage Co.,* 244 Mich. 309, 315.

As between plaintiff receiver and appellant Rose, both holding recorded mortgages against the property, the one last in date is the least in equity. *Baker* v. *Pierson, supra,* 537, and the junior mortgagee retains the right to redeem from the mortgage sale by paying the amount due on the senior mortgage with interest. *Chauvin* v. *American State Bank,* 242 Mich. 269.

Appellant's argument that the bank's mortgage has merged in its title from Kidder is inapplicable.

''There is no doubt about the general rule that when the holder of a real estate mortgage becomes

the owner of the fee, the former estate is merged in the latter. This rule is, however, subject to the exception that when it is to the interest of the mortgagee and is his intention to keep the mortgage alive, there is no merger, unless the rights of the mortgagor or third persons are affected thereby. 19 R. C. L. p. 484. This exception to the general rule has been considered and relief granted under it by this court in the following cases: *Snyder* v. *Snyder,* 6 Mich. 470; *Cooper* v. *Bigly,* 13 Mich. 463; *Tower* v. *Divine,* 37 Mich. 443; *Cook* v. *Foster,* 96 Mich. 610; *Gibbs* v. *Johnson,* 104 Mich. 120; *Quick* v. *Raymond,* 116 Mich. 15. In *Cook* v. *Foster,* 96 Mich. 610, 613, it was said:

" 'It is the well-established rule, in determining the question of merger, that the intent is the controlling consideration. If it be for the interest of him in whom the estates are united to keep the mortgage alive, the law will not imply an intent to merge.' " *Anderson* v. *Thompson,* 225 Mich. 155, 159.

Rose had notice of the Cavalier-Nieboer-Bank transaction; he knew he was only getting a junior mortgage. He is not a third party in the sense referred to in the foregoing quotation and his rights were not affected by the bank's apparent intention to keep the mortgage alive notwithstanding its release of Kidder.

Plaintiff receiver, however, is not entitled to be paid more than the amount actually due on the Nieboer mortgage. The court was in error when it considered the unpaid balance of the Kidder-Cavalier land contract in its computation. That contract was terminated by the return on the circuit court commissioner's writ of restitution. Plaintiff's witness, Brondyke, testified on April 25, 1935, that the unpaid balance of principal, interest, taxes, insurance and abstract fees totaled $2,053.21.

While the record is deficient in many respects, it is apparent that the amount found to be due plain-

tiff is incorrect. It should have been $2,053.21 instead of $4,911.61, and as so modified with an extension of date of payment of correct amount to 20 days after entry of the modified decree, the same is affirmed, with costs to appellant.

North, C. J., and Fead, Wiest, Butzel, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., took no part in this decision.