CLARK v THE FEDERAL LAND BANK OF SAINT PAUL

Docket No. 95743. Submitted October 20, 1987, at Lansing. Decided December 23, 1987.

Plaintiff, Norma E. Clark, obtained a judgment lien on certain farm property pursuant to a judgment of divorce. The lien, described in the divorce judgment as a judgment in the nature of a mortgage, was to be subject to a first mortgage that plaintiff's former husband, George Clark, was to give to defendant The Federal Land Bank of Saint Paul within sixty days. The lien was recorded. Within sixty days, George Clark executed the mortgage to the bank and it was recorded. George Clark then conveyed the property to the Clarkstead Holstein Farm Partnership by quitclaim deed and the deed was recorded. The partnership consists of George Clark and defendants John and Kathy Clark. The partnership and the bank then entered into a work-out agreement due to George Clark's default on the mortgage. Pursuant to the terms of the work-out agreement, and in consideration of personal releases on liability for the note executed by George Clark, the partnership members along with George Clark's wife, Donna Clark, executed a quitclaim deed to the bank and it was recorded. The quitclaim deed stated that it was the intent of the parties that the mortgage would survive and not merge with the bank's interest as mortgagee. The bank also reserved the right to foreclose its mortgage, and further stated in the release of liability form that the mortgage was not to be discharged. The parties then entered into a leasing arrangement for the property. Soon thereafter, the bank instituted foreclosure proceedings on the mortgage and purchased the property, obtaining a sheriff's deed. Plaintiff then brought an action in the Hillsdale Circuit Court seeking to foreclose on her judgment lien and have the bank's foreclosure adjudged invalid on the theory that the work-out agreement and release of liability extinguished the bank's first mortgage. The defendants moved for summary

REFERENCES
Am Jur 2d, Mortgages §§ 1256 et seq.
See also the annotations in the Index to Annotations under Mortgages.

disposition, which the trial court, Harvey W. Moes, J., granted. Plaintiff appealed.

The Court of Appeals *held:*

The mortgage was still in place. The bank did not discharge the debt but, rather, released the Clarks from personal liability thereon. The mortgage did not merge with the fee. Plaintiff's rights were not affected by the intention to keep the mortgage alive, for she knew her judgment lien was subject to the first mortgage.

Affirmed.

MORTGAGES — MERGER OF ESTATES.

When the holder of a real estate mortgage becomes the owner of the fee, the former estate is generally merged in the latter; when it is to the interest of the mortgagee and it is his intention to keep the mortgage alive, there is no merger, unless the rights of the mortgagor or third persons are affected thereby; the intent is the controlling consideration in determining the question of merger; if it be for the interest of him in whom the estates are united to keep the mortgage alive, the law will not imply an intent to merge.

*Law Offices of Charles H. Brown, P.C.* (by *Charles H. Brown*), for plaintiff.

*Michael L. Clore,* for The Federal Land Bank of Saint Paul.

Before: M. J. KELLY, P.J., and DOCTOROFF and J. T. CORDEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendants' motion for summary disposition. MCR 2.116(C)(8). We affirm.

On May 25, 1982, plaintiff obtained a judgment lien on certain farm property pursuant to a judgment of divorce. The lien, described in the divorce judgment as a "judgment in the nature of a mortgage," was to be subject to a first mortgage that plaintiff's former husband, George Clark, was to give to defendant The Federal Land Bank of Saint

* Circuit judge, sitting on the Court of Appeals by assignment.

Paul (bank) within sixty days. Plaintiff's lien was recorded on June 1, 1982.

On June 18, 1982, George Clark executed the mortgage to the bank for $320,000, and it was recorded three days later.

On February 15, 1983, George Clark conveyed the property to the Clarkstead Holstein Farm Partnership (partnership) by quitclaim deed, which was recorded the same date. The partnership consisted of George Clark and defendants John and Kathy Clark.

On October 25, 1985, the partnership and the bank entered into a work-out agreement due to George Clark's default on the mortgage. Pursuant to the terms of the work-out agreement, and in consideration of personal releases on liability for the note executed by George Clark, the partnership members along with George Clark's wife, Donna Clark, executed a quitclaim deed to the bank, which was recorded on October 30, 1985. The quitclaim deed stated that it was the intent of the parties that the mortgage would survive and not merge with the bank's interest as mortgagee.[1] The bank also reserved in the work-out agreement the right to foreclose its mortgage, and further stated in the release of liability form that the mortgage was not to be discharged.[2] The parties

---

[1] The quitclaim deed contained the following clause:

It is the intention of the parties that the Grantors' title conveyed by this deed and the Grantee's interest as mortgagee . . . shall not merge and that the Grantee's interest as Mortgagee under the aforesaid mortgage shall survive the execution and delivery of this deed and continue in full force and effect as to the rights of third parties. . . .

[2] The release contained the following clause:

This release shall not operate as a discharge of the debt executed by said mortgage and shall not in any manner impair

then entered into a leasing arrangement for the property.

On November 1, 1985, the bank instituted foreclosure proceedings on the mortgage and purchased the property, obtaining a sheriff's deed in January, 1986.

Plaintiff brought this action to foreclose on her judgment lien and have the bank's foreclosure adjudged invalid on the theory that the work-out agreement and release of liability extinguished the bank's first mortgage. The defendants moved for summary disposition, which was granted.

I

Plaintiff's first claim of error is that the trial court erred by granting defendants' motion for summary disposition because the release from personal liability that the bank gave to all of the Clarks extinguished the mortgage debt and discharged the mortgage. In support of that proposition, plaintiff relies principally on *Ladue v Detroit & M R Co,* 13 Mich 380; 87 Am Dec 759 (1865).

In *Ladue,* the Court determined that a mortgage must be secured by a debt in order to have legal effect. However, the Court, while indicating that a mortgage without a debt was not binding on the parties, stated:

> The instrument can only take effect as a mortgage or incumbrance from the time when some debt or liability shall be created, or some binding contract is made, which is to be secured by it. Until this takes place, neither the land nor the

the lien of said mortgage upon the real estate covered thereby, nor impair the security held by the undersigned mortgagee.

We note that the pertinent documents were stipulated to be part of the pleadings for purposes of the summary disposition motion.

parties, nor third persons, are bound by it. It constitutes, of itself, no binding contract. Either party may disregard or repudiate it at his pleasure. It is but a part of an arrangement, merely contemplated as probable, and which can only be rendered effectual by the future consent and further acts of the parties. It is but a kind of conditional proposition, neither binding, nor intended to bind, either of the parties, till subsequently assented to or adopted by both. [*Ladue, supra,* p 397.]

In this case, the release indicated that it did not discharge the debt, but only released the Clarks from personal liability. Therefore, the mortgage was still in place. Further, both parties assented to the agreement whereby the mortgage would not be discharged, which rendered the agreement binding. As evidenced by the work-out agreement, defendants reserved the right to look to the property for satisfaction of the debt through foreclosure of the mortgage.[3] We do not find this result precluded by *Ladue* or the other cases plaintiff cites.

II

Plaintiff next argues that the trial court erred by relying for its decision on cases dealing with the doctrine of merger of estates. She contends that the effect of discharge of the debt securing the mortgage does not involve merger of estates principles. However, as previously discussed, the bank did not discharge the debt but, rather, released the Clarks from personal liability thereon.

In *Titus v Cavalier,* 276 Mich 117; 267 NW 799

---

[3] The work-out agreement provided in relevant part:

The parties acknowledge that FLB may have to foreclose on its mortgage to extinguish the interest of Norma E. Clark in this property.

(1936), a man named Cavalier deeded property to Nieboer, who first mortgaged it to the plaintiff's bank, then entered into a land contract arrangement with Cavalier. Cavalier mortgaged the property to Rose. Nieboer then deeded the property to Kidder, who quitclaimed it to plaintiff receiver. In holding that plaintiff's lien had priority over Rose's notwithstanding the fact that plaintiff had released Kidder from liability, the Court held:

> Appellant's argument that the bank's mortgage has merged in its title from Kidder is inapplicable.
>
> There is no doubt about the general rule that when the holder of a real estate mortgage becomes the owner of the fee, the former estate is merged in the latter. This rule is, however, subject to the exception that when it is to the interest of the mortgagee and is his intention to keep the mortgage alive, there is no merger, unless the rights of the mortgagor or third persons are affected thereby. 19 RCL p 484. This exception to the general rule has been considered and relief granted under it by this court in the following cases: *Snyder v Snyder,* 6 Mich 470 [1859]; *Cooper v Bigly,* 13 Mich 463 [1865]; *Tower v Divine,* 37 Mich 443 [1877]; *Cook v Foster,* 96 Mich 610 [55 NW 1019 (1893)]; *Gibbs v Johnson,* 104 Mich 120 [62 NW 145 (1895)]; *Quick v Raymond,* 116 Mich 15 [74 NW 189 (1898)]. In *Cook v Foster,* 96 Mich 610, 613, it was said:
>
> "It is the well-established rule, in determining the question of merger, that the intent is the controlling consideration. If it be for the interest of him in whom the estates are united to keep the mortgage alive, the law will not imply an intent to merge." *Anderson v Thompson,* 225 Mich 155, 159 [195 NW 689 (1923)].
>
> Rose had notice of the Cavalier-Nieboer-Bank transaction; he knew he was only getting a junior mortgage. He is not a third party in the sense referred to in the foregoing quotation and his

rights were not affected by the bank's apparent intention to keep the mortgage alive notwithstanding its release of Kidder. [*Titus, supra,* pp 120-121.]

In this case, the quitclaim deed executed by the Clarks to the bank manifested uneqivocally an intention that the mortgage not merge with the fee. Additionally, plaintiff's rights were not affected by the intention to keep the mortgage alive, for she knew her judgment lien was subject to a first mortgage pursuant to the judgment of divorce.

Accordingly, we affirm the trial court's order granting defendants' motion for summary disposition.

Affirmed.